UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

FILED
IN COURT
CHARLOTTE, N. C.

MAY -9 2006

CRIMINAL NO. 5:05CR248-V

U. S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES OF AMERICA, )
)
Plaintiff, )
v. )
) **CONSENT ORDER AND**
(01) JOHN REID PERKINS, ) **JUDGMENT OF FORFEITURE**
)
Defendant. )

BASED UPON the terms of the plea agreement between the United States of America and defendant, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. 18 U.S.C. §982, 21 U.S.C. §853, and/or 28 U.S.C. §2461(c):

   **Real property known as Lot 1, Alexander Acres Road, Coddle Creek, North Carolina, which is more particularly described in an instrument dated September 24, 2004, and recorded at Deed Book 1587, Page 1643, in the Iredell County Public Registry; and,**

   **A monetary judgment in the amount of $250,000, which sum represents a part of proceeds obtained, directly or indirectly, from violation(s) of 18 U.S.C. §1028(a)(7), §1028(A)(a)(1), §1343, §1344, and/or a related violation of 18 U.S.C. §371;**

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

   *$250,000 was NT GP.*

3. a forfeiture money judgment in the amount of $~~560~~,000 shall be included in the sentence of the defendant, and the United States Department of Justice may take steps to collect the judgment from any property of the defendant, including, but not limited to the defendant's interest in real property described above, in accordance with the substitute asset provisions of 21 U.S.C. § 853(p);

4. upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property, and shall publish notice of this forfeiture as required by law;

5. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

6. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §982, 21 U.S.C. §853, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

JONATHAN VOGEL
Assistant United States Attorney

JOHN REID PERKINS, JR.
Defendant

NOELL TIN
Attorney for Defendant

Signed this the 9th day of May, 2006.

UNITED STATES MAGISTRATE JUDGE

2